UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION

Alexandra Borsci,

    Plaintiff,

v.

Equifax Information Services, LLC,

    Defendants,

Case No.:

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Georgia and Defendant does business in Georgia.

4. Personal Jurisdiction exists over Defendant as Plaintiff resides in Georgia, Defendant has the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff with Georgia.

## PARTIES

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant, Equifax Information Solutions, Inc., ("Equifax") is a credit reporting agency, licensed to do business in Georgia.

8. Defendant Equifax is, and at all times relevant hereto were, regularly doing business in the State of Georgia.

9. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Equifax and has suffered particularized and concrete harm.

13. Equifax is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

14. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

15. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

16. In August 2024, Plaintiff discovered two unknown accounts (the "Accounts") reporting on Plaintiff's Equifax consumer credit report.

17. The unknown Accounts include an JP Morgan Chase Bank Auto account, account number beginning 115341343***; and an account under the tradeline VEHLENGRP, account number beginning 40040****.

18. Upon information and belief, Equifax mixed Plaintiff's consumer credit file with Plaintiff's husband who shares a similar social security number and first name.

20. The unknown Accounts appearing on Plaintiff's consumer reports harm the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

21. The inaccurate and unknown Accounts have become a permanent component of the Plaintiff's credit profile and are reported to those who ask to review the credit history of Plaintiff.

22. Equifax published the false information regarding Plaintiff to third parties.

## WRITTEN DISPUTE

23. In August 2024, Plaintiff sent a written dispute letter to Equifax (the "Dispute"), disputing the inaccurate information regarding the Accounts showing on Plaintiff's consumer reports.

24. In the Dispute, Plaintiff explained that the Accounts belong to her husband whose social security number is only one digit different than Plaintiff's.

25. Plaintiff included a copy of her Social Security Card with the Dispute.

26. Despite the clarity and detail provided in the Dispute, the Accounts continued to report on Plaintiff's consumer report.

27. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

28. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

29. At no point after receiving the Dispute did Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

30. Equifax relied on its own judgment rather than grant credibility to the information provided by Plaintiff.

## COUNT I – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

31. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

32. After receiving the Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

33. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

34. As a result of this conduct, action and inaction of Equifax Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

36. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

40. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

41. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:     January 3, 2025

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff